IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RANDY REDICK a/k/a/ RANDREW REDICK, <br><br> Plaintiff, <br><br> v. <br><br> E MORTGAGE MANAGEMENT, LLC, <br><br> Defendant. | C.A. No. 11-1260-GMS-CJB |

## **MEMORANDUM ORDER**

### I. INTRODUCTION

Pending before the court are Magistrate Judge Burke's Report and Recommendation, (the "R and R"), dated March 15, 2013 (D.I. 11), E Mortgage Management, LLC's ("E Mortgage") Objections to the Report and Recommendation (D.I. 12), and Randy Redick's Response to E Mortgage's Objections (D.I. 15). For the reasons discussed, the court will overrule E Mortgage's objections, and adopt the R and R (D.I. 11), which recommends that the court: (1) deny E Mortgage's motion to dismiss (D.I. 5); and (2) deny E Mortgage's motion to amend (D.I. 10).

### II. DEFENDANT'S OBJECTIONS

With respect to the March 15, 2013 R and R, E Mortgage contends that Magistrate Judge Burke erred in recommending that the court deny its motion to dismiss and motion to amend. Specifically, E Mortgage contends that the magistrate judge erred, because the parties' Agreement contains a choice of law provision requiring the application of New Jersey law. According to E Mortgage, therefore, Redick's complaint fails to state a claim upon which relief can be granted, since all claims are asserted under Delaware Law. E Mortgage further argues

that the magistrate judge erred in concluding that the enforcement of the choice of law provision would leave Redick without a remedy, because, subsequent to the filing of the instance case, Redick filed a complaint in New Jersey state court, seeking damages under the New Jersey Wage Law. Moreover, this filing of the New Jersey complaint, E Mortgage contends, is inconsistent with Redick's claims in the present matter. E Mortgage argues, therefore, that the magistrate judge erred in prohibiting it from amending its motion to dismiss, so as to include an additional argument relating to Redick's subsequently filed New Jersey action.

## III. STANDARD OF REVIEW

The magistrate judge filed his Report and Recommendation pursuant to Rule 72(b)(1) of the Federal Rules of Civil Procedure; the pending motions, therefore, are dispositive and the court's review is *de novo*. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify the recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The court also may receive further evidence or return the matter to the magistrate judge with instructions for proceedings. *Id.*

## IV. DISCUSSION

After having reviewed the record in this case, the March 15, 2013 R and R, the parties' submissions, and the applicable law, the court finds that the magistrate judge committed no factual or legal error in reaching his conclusions. More particularly, the magistrate judge correctly determined that the court should deny E Mortgage's motion to dismiss. Delaware courts generally will honor a parties' choice of law provision, but only if the enforcement would not "'contravene a strong public policy'" of the state. *Organ v. Byron*, 435 F. Supp. 2d 388, 392 (D. Del. 2006) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). The court agrees with the magistrate judge's conclusion that the protections afforded by the Delaware

Wage Act[1] represent the strong public policy of Delaware. The New Jersey choice of law provision, therefore, would be unenforceable if it contravenes this public policy.[2] The magistrate judge correctly determined that if the enforcement of the choice of law provision would leave Redick without a remedy, the provision contravenes Delaware public policy and is unenforceable.[3]

Here, it is unclear whether Redick, an out-of-state plaintiff, could seek relief under the New Jersey Wage Law, and thus whether enforcement of the New Jersey choice of law provision would leave Redick without a remedy. E Mortgage fails to directly address that issue. Instead, E Mortgage merely states that there is no basis to believe Redick would not be able to seek relief under New Jersey law, but provides no legal analysis or support for its conclusion. Nevertheless, the court finds no error in the magistrate judge's extensive legal analysis, interpreting the New Jersey Wage Law together with New Jersey and federal case law, ultimately concluding that New Jersey employment law applies only to those working within New Jersey's geographical boundaries.[4] Accordingly, the court agrees with the magistrate judge's conclusion that the enforcement of the New Jersey choice of law provision would leave Redick without a remedy, and the provision is therefore unenforceable.

The magistrate judge also correctly determined that the court should deny E Mortgage's motion to amend. E Mortgage failed to provide a sufficient legal argument to support its claim

---

[1] Section 1103 of the Act mandates that when an employee is fired, quits, or otherwise leaves the employ of the employer, the wages earned by the employee become due on the next regularly scheduled payday, and the employee is entitled to liquidated damages if the employer fails to pay those wages. Del. Code. Tit. 19, § 1103(a), (b). Pursuant to section 1113, employees maintain a private right of action for violations of the Act and, if successful, are entitled to an award of costs and attorney's fees. *Id.* at § 1113(a), (c).

[2] Section 1110 of the Act provides, in pertinent part, that "no provision of this chapter may in any way be contravened or set aside by private agreement." Del. Code. Tit. 19, § 1110.

[3] *See Millett v. Truelink, Inc.*, No. Civ. 05-599 SLR, 2006 WL 2583100 (D. Del. Sept. 7, 2006) (concluding that a choice of law provision was unenforceable as against public policy, because enforcement would have left plaintiffs without a remedy).

[4] *See* D.I. 11 at 7-24. The magistrate judge considers portions of the New Jersey Wage Law, New Jersey state court and federal case law, and the opinions of legal commentators, all of which interpret the Law as applying only to those within New Jersey's borders. *Id.*

3

that Redick waived his rights under Delaware law by filing an "inconsistent" New Jersey action, and that E Mortgage should, therefore, be able to amend its motion to dismiss. E Mortgage is correct that *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) provides that a court may, in certain circumstances, take judicial notice of public records outside the pleadings without converting a motion to dismiss into a motion for summary judgment. Further, judicial proceedings from a different court or case are considered public records. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir.1999). But a court may only take judicial notice that the other judicial proceedings exist, it may not make findings of facts based on those other proceedings without converting the motion to dismiss into a motion for summary judgment.[5] *Id.* at 426-27. The court concludes that E Mortgage's arguments are not persuasive.

Accordingly, the court fully adopts the rationale set forth by Magistrate Judge Burke in his March 15, 2013 Report and Recommendation, and overrules both of E Mortgage's objections.

## V. CONCLUSION

Therefore, IT IS HEREBY ORDERED that:

1. E Mortgage's Objections to the Report and Recommendation (D.I. 12) are OVERRULED.

2. The Report and Recommendation, Dated March 15, 2013 (D.I. 11), is ADOPTED.

Dated: September 30, 2013

CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The court notes that simply because Redick filed a Complaint in New Jersey, it does not stand to reason that he will be able to maintain a cause of action under the New Jersey Wage Act.

4